UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------------------------X
RUTGERS CASUALTY INSURANCE COMPANY,

                                                Doc. No.:

                    Plaintiff,

                                              <u>COMPLAINT</u>

      - against –

KEVIN SMITH, CUBESMART LP, and USA VETERANS
CONSTRUCTION CORP.

                                        Defendants.
--------------------------------------------------------------------------------X

        Plaintiff, RUTGERS CASUALTY INSURANCE COMPANY ("Rutgers" or "plaintiff"), by and through its attorneys, Miranda Sambursky Slone Sklarin Verveniotis LLP, complaining of the defendants, alleges, upon information and belief, as follows:

## **THE PARTIES**

1.     At all relevant times, plaintiff was, and still is, a corporation duly organized and existing under and by virtue of the laws of the State of New Jersey, with its principal place of business located at 2250 Chapel Avenue West, Suite 200, Cherry Hill, New Jersey.

2.     At all relevant times, KEVIN SMITH resided at and/or had a place of business at 2924 Wickham Avenue, Bronx, NY 10469.

3.     At all relevant times, CUBESMART LP ("Cubesmart") was and remains a domestic corporation duly authorized to conduct business in the State of New York with a principal place of business located at 111 Eight Avenue, New York, NY 10011.

4.     At all relevant times, USA VETERANS CONSTRUCTION CORP. ("USA Veterans") was and remains a domestic corporation duly authorized to conduct business in the State of New York with a principal place of business located at 2 Atlantic Avenue, Carle Place, NY 11514.

## JURISDICTION AND VENUE

5.    This Court has subject matter jurisdiction due to diversity of citizenship and amounts in controversy in excess of $75,000, exclusive of interest and costs, pursuant to 28 U.S.C. Section 1332 and 28 U.S.C. Section 2201.

6.    Venue is proper in this district pursuant to 28 U.S.C. Section 1391 in that a substantial part of the events giving rise to this claim occurred here and defendants' principal place of business is here.

7.    An actual justiciable controversy exists between the parties as to the coverage afforded under the insurance policy issued by Rutgers to CFC.

## THE UNDERLYING OCCURRENCE/CLAIM RELEVANT TO THIS ACTION

8.    Plaintiff has no adequate remedy at law.

9.    Cubesmart was the owner and/or lessee of the premises located at 2301 Tillotson Avenue, Bronx, New York "the "Premises").

10.    Cubesmart operated a storage facility at the above location.

11.    Cubesmart contracted with USA Veterans to perform construction operations and other work at the Premises.

12.    On March 20, 2018 at approximately 5:00 p.m., while on the Premises, Smith alleges he was struck by a forklift owned by defendant USA Veterans and operated by an employee of said USA Veterans thereby sustaining serious permanent personal injuries.

13.    On April 26, 2018, Smith filed a complaint in the Supreme Court of the State of New York, County of Bronx, entitled Kevin Smith v. Cubesmart LP and USA Veterans Construction Corp., Index No.: 24856/2018E (the "Smith" action).

2

14.     In his complaint, Smith alleges that "the accident and injuries resulting to [Smith] were caused by the negligence of the [Cubesmart and USA Veterans], their agents, servants and/or employees in striking a pedestrian; in failing to observe [Smith]; in operating the machinery in a fast and negligent manner.

## THE RUTGERS INSURANCE POLICIES AT ISSUE IN THIS ACTION

15.     Rutgers issued policy numbered SKP 3112459-10, with effective dates of March 22, 2017 through March 22, 2017 (the "Policy"), as well as an umbrella policy numbered CUP 3112538-10 with effective dates of January 31, 2018 through March 22, 2018 (the "Umbrella Policy") to USA Veterans. Both of said policies will be referred to, in unison, as the "Policies."

16.     The Insuring Agreement under Coverage A of the primary policies, which provides:

> **NEW YORK CHANGES**
> **COMMERCIAL GENERAL LIABILITY COVERAGE FORM**
> This endorsement modifies insurance provided under the following:
> COMMERCIAL GENERAL LIABILITY COVERAGE PART
> **A.** Paragraph **1. Insuring Agreement** of **Section I -**
> **Coverage A - Bodily Injury And Property Damage**
> **Liability** is replaced by the following:
>
> **1.  Insuring Agreement**
> **a.** We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages even if the allegations of the "suit" are groundless, false or fraudulent. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result.
> But:
>
> > **(1)** The amount we will pay for damages is limited as described in Section **III** - Limits Of Insurance; and
> >
> > **(2)** Our right and duty to defend end when we have used up the applicable limit of insurance in the payment of judgments or

settlements under Coverages **A** or **B** or medical expenses under Coverage **C.**

No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments - Coverages **A** and **B.**

**b.** This insurance applies to "bodily injury" and "property damage" only if:

    **(1)** The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";

    **(2)** The "bodily injury" or "property damage" occurs during the policy period; and

    **(3)** Prior to the policy period, no insured listed under Paragraph **1.** of Section **II** - Who Is An Insured and no "employee" authorized by you to give or receive notice of an "occurrence" or claim, knew that the "bodily injury" or "property damage" had occurred, in whole or in part. If such a listed insured or authorized "employee" knew, prior to the policy period, that the "bodily injury" or "property damage" occurred, then any continuation, change or resumption of such "bodily injury" or "property damage" during or after the policy period will be deemed to have been known prior to the policy period.

**c.** "Bodily injury" or "property damage" which occurs during the policy period and was not, prior to the policy period, known to have occurred by any insured listed under Paragraph **1.** of Section **II** - Who Is An Insured or any "employee" authorized by you to give or receive notice of an "occurrence" or claim, includes any continuation, change or resumption of that "bodily injury" or "property damage" after the end of the policy period.

**d.** "Bodily injury" or "property damage" will be deemed to have been known to have occurred at the earliest time when any insured listed under Paragraph **1.** of Section **II** - Who Is An Insured or any "employee" authorized by you to give or receive notice of an "occurrence" or claim:

    **(1)** Reports all, or any part, of the "bodily injury" or "property damage" to us or any other insurer;

    **(2)** Receives a written or verbal demand or claim for damages because of the "bodily injury" or "property damage"; or

    **(3)** Becomes aware by any other means that "bodily injury" or "property damage" has occurred or has begun to occur.

4

**e.** Damages because of "bodily injury" include damages claimed by any person or organization for care, loss of services or death resulting at any time from the "bodily injury".

*     *     *

17.    The Policy also contains endorsement AE 0006 0212 which states:

**EXCLUSION OF INJURY TO EMPLOYEES, CONTRACTORS AND EMPLOYEES OF CONTRACTORS**

This endorsement modifies insurance provided under the following:

**COMMERCIAL GENERAL LIABILITY COVERAGE PART**

Exclusion 2.e Employers Liability is deleted and replaced by the following:

2.e    Employers Liability

This insurance does not apply to:
(1) "Bodily injury" to any "employee" of any insured arising out of or in the course of:
   a) Employment by any insured; or
   b) Performing duties related to the conduct of any insured's business;

(2) "Bodily injury" to any contractor or any "employee" of any contractor arising out of or in the course of the contractor or its employee performing services of any kind or nature whatsoever;

(3) Any alleged obligation of any insured to indemnify or contribute with another because of damages arising out of such "bodily injury" to an insured's employee or any contractor or any contractor's employee;

(4) "Bodily injury" sustained by the spouse, child, parent, brother or sister of any "employee" of any insured, or of a contractor, or any "employee" of any contractor as a consequence of any injury to any person as set forth in paragraph (1) and (2) of this endorsement.

This exclusion applies to all claims and suits by any person or organization for damages because of such "bodily injury", including damages for care and loss of services.

As used herein the definition of "employee" includes a "leased worker" and a "temporary worker". This exclusion replaces the exclusion relating to "bodily injury" to employees and relatives of "employees" contained in

5

the Exclusions Section of the policy to which this endorsement is attached and the definition of "employee" in said policy.

All other terms and conditions remain unchanged.

\*     \*     \*

18.    The Policy includes endorsement CG 22 79 07 98 which reads:

**EXCLUSION – CONTRACTORS – PROFESSIONAL LIABILITY**

This endorsement modifies insurance provided under the following:
COMMERCIAL GENERAL LIABILITY COVERAGE PART

The following exclusion is added to Paragraph **2., Exclusions of Section I Coverage A – Bodily Injury And Property Damage Liability** and Paragraph **2., Exclusions of Section I – Coverage B – Personal And Advertising Injury Liability:**

1.    This insurance does not apply to "bodily injury", "property damage" or "personal and advertising injury" arising out of the rendering of or failure to render any professional services by you or on your behalf, but only with respect to either or both of the following operations:

   a.    Providing engineering, architectural or surveying services to others in your capacity as an engineer, architect or surveyor; and

   b.    Providing, or hiring independent professionals to provide, engineering, architectural or surveying services in connection with construction work you perform.

2.    Subject to Paragraph **3.** below, professional services include:

   a.    Preparing, approving, or failing to prepare or approve, maps, shop drawings, opinions, reports, surveys, field orders, change orders, or drawings and specifications; and

   b.    Supervisory or inspection activities performed as part of any related architectural or engineering activities.

3.    Professional services do not include services within construction means, methods, techniques, sequences and procedures employed by you in connection with your operations in your capacity as a construction contractor.

\*     \*     \*

19.    The Policy also includes endorsement RCG 0002 0800 which reads:

## ASSAULT AND BATTERY EXCLUSION

This endorsement modifies insurance provided under the following:
**COMMERCIAL GENERAL LIABILITY COVERAGE PART**
**LIQUOR LIABILITY COVERAGE PART**

We will not provide any coverage under this policy for any claim, demand or suit based on Assault and Battery, or out of any act, actual or alleged, or omission in connection with the prevention or suppression of such acts, whether caused by or at the instigation or direction of any "insured", their employees, patrons or any other person or entity.

All claims, accusations or charges of negligent hiring, placement, training, management or supervision arising from actual or alleged assault or battery are also not covered and will have no duty to investigate, defend or indemnify any "insured" person or entity from such claims, accusations and charges:

1.  Assault and Battery or any act or omission in connection with prevention, suppression or results of such acts;
2.  Harmful or offensive contact between or among two or more persons;
3.  Apprehension of harmful or offensive contact between or among two or more persons; or
4.  Threats by words or deeds.

This exclusion applies regardless of the degree of culpability or intent and without regard to:

A.  Whether the acts are alleged to be by or at the instruction or at the direction of the insured, his officers, employees, agents or servants; or by any other person lawfully or otherwise on, at near the premises owned or occupied by the insured; or by any other person;
B.  The alleged failure of the insured or his officers, employees, agents or servants in the hiring, supervision, retention or control of any person, whether or not an officer, employee, agent or servant of the insured;
C.  The alleged failure of the insured or his officers, employees, agents or servants to attempt to prevent, bar or halt any such conduct or to medically treat or obtain such treatment for any injuries or damage sustained.

This exclusion applies as well to any claims by any person, firm or organization asserting rights derived from or contingent upon any person asserting a claim excluded under Clauses A, B or C (above); specifically excluding from coverage claims for:

1.  Emotional distress or for loss of society, services, consortium and/or income;

7

2. Reimbursement for expenses (including but not limited to medical expenses, hospital expenses and wages) paid or incurred by such other person, firm or organization;

3. Any obligation to share damages with or repay someone who must pay damages because of the injury.

\*      \*      \*

20. The form of the Policy includes the following exclusion as well:

**2. Exclusions**

This insurance does not apply to:

\*      \*      \*

**b.    Contractual Liability**

"Bodily injury" or "property damage" for which the insured is obligated to pay damages by reason of the assumption of liability in a contract or agreement. This exclusion does not apply to liability for damages:

**(1)** That the insured would have in the absence of the contract or agreement; or

**(2)** Assumed in a contract or agreement that is an "insured contract", provided the "bodily injury" or "property damage" occurs subsequent to the execution of the contract or agreement. Solely for the purposes of liability assumed in an "insured contract", reasonable attorneys' fees and necessary litigation expenses incurred by or for a party other than an insured are deemed to be damages because of "bodily injury" or "property damage", provided:

**(a)** Liability to such party for, or for the cost of, that party's defense has also been assumed in the same "insured contract"; and

**(b)** Such attorneys' fees and litigation expenses are for defense of that party against a civil or alternative dispute resolution proceeding in which damages to which this insurance applies are alleged.

\*      \*      \*

21. The Policy contains endorsements CG 20 33 04 13 and AE 01 34 06 14, those endorsements set forth limitations and exclusions as follows:

## ADDITIONAL INSURED – OWNERS, LESSEES OR CONTRACTORS – AUTOMATIC STATUS WHEN REQUIRED IN CONSTRUCTION AGREEMENT WITH YOU

This endorsement modifies insurance provided under the following:
COMMERCIAL GENERAL LIABILITY COVERAGE PART

**A. Section II – Who Is An Insured** is amended to include as an additional insured any person or organization for whom you are performing operations when you and such person or organization have agreed in writing in a contract or agreement that such person or organization be added as an additional insured on your policy. Such person or organization is an additional insured only with respect to liability for "bodily injury", "property damage" or "personal and advertising injury" caused, in whole or in part, by:

**1.** Your acts or omissions; or
**2.** The acts or omissions of those acting on your behalf; in the performance of your ongoing operations for the additional insured.
However, the insurance afforded to such additional insured:
   **1.** Only applies to the extent permitted by law; and
   **2.** Will not be broader than that which you are required by the contract or agreement to provide for such additional insured. A person's or organization's status as an additional insured under this endorsement ends when your operations for that additional insured are completed.

**B.** With respect to the insurance afforded to these additional insureds, the following additional exclusions apply:

This insurance does not apply to:

**1.** "Bodily injury", "property damage" or "personal and advertising injury" arising out of the rendering of, or the failure to render, any professional architectural, engineering or surveying services, including:

   **a.** The preparing, approving, or failing to prepare or approve, maps, shop drawings, opinions, reports, surveys, field orders, change orders or drawings and specifications; or

   **b.** Supervisory, inspection, architectural or engineering activities.

This exclusion applies even if the claims against any insured allege negligence or other wrongdoing in the supervision, hiring, employment, training or monitoring of others by that insured, if the "occurrence" which caused the "bodily injury" or "property damage", or the offense which caused the "personal and advertising

injury", involved the rendering of or the failure to render any professional architectural, engineering or surveying services.

*     *     *

## ADDITIONAL INSURED-OWNERS, LESSEES OR CONTRACTORS-COMPLETED OPERATIONSAUTOMATIC STATUS WHEN REQUIRED IN A WRITTEN CONTRACT WITH YOU

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

**A. Section II – Who Is An Insured** is amended to include as an additional insured any person or organization when you and such person or organization have agreed in a **"written contract"** that such person or organization be added as an additional insured on your policy. Such person or organization is an additional insured only with respect to liability for "bodily injury", "property damage" or "personal and advertising injury" caused, in whole or in part, by "your work" performed for that additional insured and included in the "products-completed operations hazard".

However, the insurance afforded to such additional insured:

  **1.** Only applies to the extent permitted by law; and

  **2.** Will not be broader than that which you are required by the "written contract" to provide for such additional insured.

**B.** With respect to the insurance afforded to these additional insureds, the following additional exclusions apply:

This insurance does not apply to:

  **1.** "Bodily injury", "property damage" or "personal and advertising injury" arising out of the rendering of, or the failure to render, any professional architectural, engineering or surveying services, including:

     **a.** The preparing, approving, or failing to prepare or approve, maps, shop drawings, opinions, reports, surveys, field orders, change orders or drawings and specifications; or

     **b.** Supervisory, inspection, architectural or engineering activities.

This exclusion applies even if the claims against any insured allege negligence or other wrongdoing in the supervision, hiring, employment, training or monitoring of others by any insured, if the "occurrence" which caused the "bodily injury" or "property damage", or the offense which caused the "personal and advertising injury", involved the rendering of or the failure to render any professional architectural, engineering or surveying services.

**C.** With respect to the insurance afforded to these additional insureds, the following is added to **Section III – Limits Of Insurance:**

The most we will pay on behalf of the additional insured is the amount of insurance:

    **1.** Required by the "written contract" you have entered into with the additional insured; or

    **2.** Available under the applicable Limits of Insurance shown in the Declarations;

whichever is less.

This endorsement shall not increase the applicable Limits of Insurance shown in the Declarations.

**D.** The following is added to **4. Other Insurance**, part of **SECTION IV - COMMERCIAL GENERAL LIABILITY CONDITIONS:**

If the "written contract" specifically requires that this insurance apply on a primary basis or a primary and non-contributory basis, this insurance is primary to such additional insured.

**E.** As respects this endorsement only, The following Definition is added to **SECTION V – DEFINITIONS**

A "written contract" means that part of any written contract under which you are required to include a person or organization as an additional insured, provided that the "bodily injury", "property damage", or "personal and advertising injury" occurs:

1. After the signing and execution of the written contract by you;
2. While that part of the written contract is in effect; and
3. Before the end of the policy period.

          \*      \*      \*

22.    The Policy form also contains the following pertinent definitions:

**3.** "Bodily injury" means bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time.

**5.** "Employee" includes a "leased worker". "Employee" does not include a "temporary worker".

**10.** "Leased worker" means a person leased to you by a labor leasing firm under an agreement between you and the labor leasing firm, to perform duties related to the conduct of your business. "Leased worker" does not include a "temporary worker".

**13.** "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

**19.** "Temporary worker" means a person who is furnished to you to substitute for a permanent "employee" on leave or to meet seasonal or short-term workload conditions.

\*          \*          \*

23.     The form of the Policy also contains a Coverage Part C which provides in relevant part:

## COVERAGE C – MEDICAL PAYMENTS

**1. Insuring Agreement**
   **a.** We will pay medical expenses as described below for "bodily injury" caused by an accident:
   **(1)** On premises you own or rent;
   **(2)** On ways next to premises you own or rent; or
   **(3)** Because of your operations; provided that:
      **(a)** The accident takes place in the "coverage territory" and during the policy period;
      **(b)** The expenses are incurred and reported to us within one year of the date of the accident; and
      **(c)** The injured person submits to examination, at our expense, by physicians of our choice as often as we reasonably require.
   **b.** We will make these payments regardless of fault. These payments will not exceed the applicable limit of insurance. We will pay reasonable expenses for:
   **(1)** First aid administered at the time of an accident;
   **(2)** Necessary medical, surgical, X-ray and dental services, including prosthetic devices; and
   **(3)** Necessary ambulance, hospital, professional nursing and funeral services.

**2. Exclusions**
   We will not pay expenses for "bodily injury":

*       *       *

**b. Hired Person**
    To a person hired to do work for or on behalf of any insured or a tenant of
any insured.

*       *       *

24.    The Umbrella Policy's insuring agreement reads:

### COVERAGE A – BODILY INJURY AND PROPERTY DAMAGE LIABILITY

#### 1. Insuring Agreement

**a.**  We will pay on behalf of the insured the "ultimate net loss" in excess
of the "retained limit" because of "bodily injury" or "property damage"
to which this insurance applies. We will have the right and duty to
defend the insured against any "suit" seeking damages for such "bodily
injury" or "property damage" when the "underlying insurance" does
not provide coverage or the limits of "underlying insurance" have been
exhausted. When we have no duty to defend, we will have the right to
defend, or to participate in the defense of, the insured against any other
"suit" seeking damages to which this insurance may apply.

  However, we will have no duty to defend the insured against any
"suit" seeking damages for "bodily injury" or "property damage" to
which this insurance does not apply. At our discretion, we may
investigate any "occurrence" that may involve this insurance and settle
any resultant claim or "suit", for which we have the duty to defend.
But:

    **(1)** The amount we will pay for the "ultimate net loss" is limited as
described in Section **III** – Limits Of Insurance; and

    **(2)** Our right and duty to defend ends when we have used up the
applicable limit of insurance in the payment of judgments or
settlements under Coverages **A** or **B**.

  No other obligation or liability to pay sums or perform acts or
services is covered unless explicitly provided for under
Supplementary Payments – Coverages **A** and **B**.

**b.**  This insurance applies to "bodily injury" and "property damage" only
if:

    **(1)** The "bodily injury" or "property damage" is caused by an
"occurrence" that takes place in the "coverage territory";

    **(2)** The "bodily injury" or "property damage" occurs during the
policy period; and

13

(3) Prior to the policy period, no insured listed under Paragraph **1.** of Section **II** – Who Is An Insured and no "employee" authorized by you to give or receive notice of an "occurrence" or claim, knew that the "bodily injury" or "property damage" had occurred, in whole or in part. If such a listed insured or authorized "employee" knew, prior to the policy period, that the "bodily injury" or "property damage" occurred, then any continuation, change or resumption of such "bodily injury" or "property damage" during or after the policy period will be deemed to have been known prior to the policy period.

c.   "Bodily injury" or "property damage" which occurs during the policy period and was not, prior to the policy period, known to have occurred by any insured listed under Paragraph **1.** of Section **II** – Who Is An Insured or any "employee" authorized by you to give or receive notice of an "occurrence" or claim, includes any continuation, change or resumption of that "bodily injury" or "property damage" after the end of the policy period.

d.   "Bodily injury" or "property damage" will be deemed to have been known to have occurred at the earliest time when any insured listed under Paragraph **1.** of Section **II** – Who Is An Insured or any "employee" authorized by you to give or receive notice of an "occurrence" or claim:

(1) Reports all, or any part, of the "bodily injury" or "property damage" to us or any other insurer;

(2) Receives a written or verbal demand or claim for damages because of the "bodily injury" or "property damage"; or

(3) Becomes aware by any other means that "bodily injury" or "property damage" has occurred or has begun to occur.

e.   Damages because of "bodily injury" include damages claimed by any person or organization for care, loss of services or death resulting at any time from the "bodily injury".

\*       \*       \*

25.   The exclusions section in the Umbrella Policy provides:

**3.  Exclusions**
This insurance does not apply to:

\*       \*       \*

**b.    Contractual Liability**

"Bodily injury" or "property damage" for which the insured is obligated to pay damages by reason of the assumption of liability

14

in a contract or agreement. This exclusion does not apply to liability for damages:

**(1)** That the insured would have in the absence of the contract or agreement; or

**(2)** Assumed in a contract or agreement that is an "insured contract", provided the "bodily injury" or "property damage" occurs subsequent to the execution of the contract or agreement. Solely for the purposes of liability assumed in an "insured contract", reasonable attorneys' fees and necessary litigation expenses incurred by or for a party other than an insured are deemed to be damages because of "bodily injury" or "property damage", provided:

**(a)** Liability to such party for, or for the cost of, that party's defense has also been assumed in the same "insured contract"; and

**(b)** Such attorneys' fees and litigation expenses are for defense of that party against a civil or alternative dispute resolution proceeding in which damages to which this insurance applies are alleged.

\*      \*      \*

26.    Endorsement CU 21 07 09 00 adds the following definition:

The definition of "insured contract" in the **Definitions** Section is replaced by the following:

"Insured contract" means:

**a.** A contract for a lease of premises. However, that portion of the contract for a lease of premises that indemnifies any person or organization for damage by fire to premises while rented to you or temporarily occupied by you with permission of the owner is not an "insured contract";

**b.** A sidetrack agreement;

**c.** Any easement or license agreement, except in connection with construction or demolition operations on or within 50 feet of a railroad;

**d.** An obligation, as required by ordinance, to indemnify a municipality, except in connection with work for a municipality;

**e.** An elevator maintenance agreement;

**f.** That part of any contract or agreement entered into, as part of your business, pertaining to the rental or lease, by you or any of your "employees", of any "auto". However, such contract or agreement shall not be considered an "insured contract" to the extent that it obligates you or any of your "employees" to pay for "property damage" to any "auto" rented or leased by you or any of your "employees".

27.    Endorsement RUCU 00 06 02 03 sets forth the following exclusion:

### EXCLUSION OF INJURY TO EMPLOYEES, CONTRACTORS AND EMPLOYEES OF CONTRACTORS

This insurance does not apply to:

I.    "Bodily injury" to any "employee" of any insured arising out of or in the course of:

    a) Employment by any insured; or

    b) Performing duties related to the conduct of any insured's business;

II.    "Bodily injury" to any contractor or any "employee" of any contractor arising out of or in the course of the contractor or its employee performing services of any kind or nature whatsoever;

III.    Any alleged obligation of any insured to indemnify or contribute with another because of damages arising out of such "bodily injury" to an insured's employee or any contractor or any contractor's employee;

IV.    "Bodily injury" sustained by the spouse, child, parent, brother or sister of any "employee" of any insured, or of a contractor, or any "employee" of any contractor as a consequence of any injury to any person as set forth in paragraph (1) and (2) of this endorsement.

This exclusion applies to all claims and suits by any person or organization for damages because of such "bodily injury", including damages for care and loss of services.

As used herein the definition of "employee" includes a "leased worker" and a "temporary worker".

This exclusion replaces the exclusion relating to "bodily injury" to employees and relatives of "employees" contained in the Exclusions Section of the policy to which this endorsement is attached and the definition of "employee" in said policy.

All other terms and conditions remain unchanged.

&ast;    &ast;    &ast;

28.    Endorsement RUCU 00 05 02 03 adds an Assault and Battery exclusion which provides:

## ASSAULT AND BATTERY EXCLUSION

This endorsement modifies insurance provided under the following:

## COMMERCIAL GENERAL LIABILITY UMBRELLA COVERAGE PART

We will not provide any coverage under this policy for any claim, demand or suit based on Assault and Battery, or out of any act, actual or alleged, or omission in connection with the prevention or suppression of such acts, whether caused by or at the instigation or direction of any "insured", their employees, patrons or any other person or entity.

All claims, accusations or charges of negligent hiring, placement, training, management or supervision arising from actual or alleged assault or battery are also not covered and will have no duty to investigate, defend or indemnify any "insured" person or entity from such claims, accusations and charges:

1.   Assault and Battery or any act or omission in connection with prevention, suppression or results of such acts;
2.   Harmful or offensive contact between or among two or more persons;
3.   Apprehension of harmful or offensive contact between or among two or more persons; or
4.   Threats by words or deeds.

This exclusion applies regardless of the degree of culpability or intent and without regard to:

A.   Whether the acts are alleged to be by or at the instruction or at the direction of the insured, his officers, employees, agents or servants; or by any other person lawfully or otherwise on, at near the premises owned or occupied by the insured; or by any other person;
B.   The alleged failure of the insured or his officers, employees, agents or servants in the hiring, supervision, retention or control of any person, whether or not an officer, employee, agent or servant of the insured;
C.   The alleged failure of the insured or his officers, employees, agents or servants to attempt to prevent, bar or halt any such conduct or to medically treat or obtain such treatment for any injuries or damage sustained.

This exclusion applies as well to any claims by any person, firm or organization asserting rights derived from or contingent upon any person asserting a claim excluded under Clauses A, B or C (above); specifically excluding from coverage claims for:

17

1. Emotional distress or for loss of society, services, consortium and/or income;
2. Reimbursement for expenses (including but not limited to medical expenses, hospital expenses and wages) paid or incurred by such other person, firm or organization;
3. Any obligation to share damages with or repay someone who must pay damages because of the injury.

*     *     *

## AS AND FOR A FIRST CAUSE OF ACTION
## (REQUEST FOR DECLARATORY JUDGMENT)

29.     Plaintiff repeats and re-alleges each and every allegation contained in paragraphs numbered "1" through "28" as if fully set forth at length herein.

30.     To the extent that Kevin Smith was an "employee" of any insured, contractor or any "employee" of any contractor, spouse, child, parent, brother or sister of any "employee" of any insured, or of a contractor, or any "employee" of any contractor, including a "leased worker" or a "temporary worker," the claims are excluded from coverage under the policies.

31.     To the extent that the claims asserted by Kevin Smith relate to or arise from "professional services" performed by USA Veterans or that USA Veterans failed to perform, the claims are excluded from coverage under the policies.

32.     To the extent that the claims asserted by Kevin Smith relate to or arise from Assault and Battery, or out of any act, actual or alleged, or omission in connection with the prevention or suppression of such acts, whether caused by or at the instigation or direction of any "insured", their employees, patrons or any other person, the claims are excluded from coverage under the policies.

33.     To the extent any claims asserted or to be asserted against USA Veterans are based in contract, the claims are excluded from coverage under the policies.

34.     There is no coverage under Part C – Medical Coverages, pursuant to the exclusion in that coverage part for a "Hired Person" which bars coverage for medical expenses incurred by "a person hired to do work for or on behalf of any insured or a tenant of any insured" in that, to the extent Kevin Smith was "a person hired to do work for or on behalf of any insured or a tenant of any insured," the claims are excluded from coverage under the policies.

35.     The defendants do not qualify as additional insureds under any of the Rutgers policies and the above-noted exclusions apply as to them as well.

36.     Rutgers has timely and properly denied coverage under all of the Rutgers policies as to the occurrence, claims and allegations set forth in the Smith action.

37.     Rutgers has no obligation to afford defense or indemnity to any of the parties in  the Smith action under any of the Rutgers policies.

**AS AND FOR A SECOND CAUSE OF ACTION**
(RESCISSION OF RUTGERS POLICIES)

38.      Plaintiff repeats and re-alleges each and every allegation contained in paragraphs numbered "1" through "37" as if fully set forth at length herein.

39.     USA Veterans made material misrepresentations in its application for insurance coverage pertaining to the type of work that it had performed and would perform during the policy periods and other information such that all of the policies should be rescinded.

40.     USA Veterans applied for insurance on March 22, 2017.

41.     USA Veterans stated in its insurance application and continuously represented that its business description was "Carpentry & Drywall Contractor" and that its business operations were limited to "Carpentry" and "Drywall Installation", but that was not accurate.

42.     USA Veterans misstated the number of employees it had at the time of application.

43.    Upon information and belief, USA Veterans employed 10-12 individuals prior to, at the time of application and thereafter.

44.    On its application for insurance, USA Veterans stated it had a total of four (4) employees; one (1) owner/partner; two (2) full-time employees; and one (1) part-time employee.

45.    Rutgers' underwriting guidelines state that the policies issued to USA Veterans are only for "firms with fewer than eight employees."

46.    Rutgers' underwriting guidelines set forth different forms, provisions and premiums depending upon type of work and number of employees.

47.    USA Veterans' representations in its requests for insurance were false.

48.    Rutgers issued the policies in reliance upon USA Veterans' representations in its communications to Rutgers.

49.    But for USA Veterans' material misrepresentations, Rutgers would not have issued the policies.

50.    If USA Veterans' had disclosed to Rutgers the truth as to the number of employees and the work performed by USA Veterans, Rutgers would not have issued the policies in the form issued.

51.    Therefore, Rutgers is entitled to rescind the policies, and to a declaration that the policies are void ab initio.

52.    As the policies are void ab initio, no coverage is afforded under the policies to any person or entity for any claims asserted in the Smith action.

**WHEREFORE**, Rutgers Casualty Insurance Company demands judgment declaring that the policies are rescinded and void ab initio, and that no coverage is afforded to any defendant, and/or any other person or entity, under the policies for any of the claims asserted in the Smith

20

action by reason of each of the provisions noted above, as well as the declaration of rescission, together with costs, disbursements and attorneys' fees for this action, and such other relief the Court may deem just, proper, and equitable.

Dated:  Mineola, New York
September 27, 2018

**MIRANDA SAMBURSKY SLONE
SKLARIN VERVENIOTIS LLP**
Attorneys for Plaintiff,
RUTGERS CASUALTY
INSURANCE COMPANY

By:_____
Steven Verveniotis (SV 8800)
240 Mineola Boulevard
Mineola, New York 11501
(516) 741-7676
Our File No.: 18-168